UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARISA FUSARO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 02-CV-4698 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Barbara Rowland, Assistant United States Attorney, for its Answer to plaintiff Marisa Fusaro's Complaint states the following upon information and belief. With regard to the allegations contained in the numbered paragraphs of the complaint, the United States responds as follows, according to the numbered paragraphs thereof:

## JURISDICTION AND VENUE

1.    The allegations contained in paragraph 1 set forth plaintiff's claim as to the statutory and jurisdictional basis or venue of plaintiff's action, and as such constitute conclusions of law to which no answer is required. To the extent that any of the allegations in paragraph 1 may be deemed to be factual, they are denied.

## PARTIES

2.    Admitted.

3.    Defendant denies the allegations of Paragraph 3 of the Complaint. Proper service may be had upon the United States of America pursuant to Federal Rule of Civil Procedure 4(i).

4.     The United States admits that the United States Postal Service owns the building and parking lot at the postal facility at 651 County Line Road, Blue Bell, PA 19422, and that it owned that building and parking lot during all times material to the allegations in the complaint. Because paragraph 4 does not state what conduct of the United States' agents, servants, workmen and/or employees it is referring to, the United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, they are denied.

5.     The United States admits that the United States Postal Service operates a postal facility at 651 County Line Road, Blue Bell, PA 19422 (the "Blue Bell Post Office"). The United States denies that there was a hole or depression in the parking lot of that facility which was a dangerous and/or hazardous condition to business invitees and/or other persons lawfully on the premises of which the United States knew and/or should have known.

6.     With respect to plaintiff's allegation that she was a business invitee at the Blue Bell Post Office and that she was caused to trip, stumble and fall, the United States, after investigation reasonable under the circumstances, is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, therefore, they are denied. The United States denies that there was a dangerous and/or hazardous condition at the Blue Bell Post Office parking lot and that plaintiff suffered severe and permanent injuries.

7.     The allegations in paragraph 7 (a) through (j) contain conclusions of law to which no response is required. To the extent that the allegations are factual in nature, the United States denies that it was careless, reckless or negligent in any manner, including the manner described in paragraph 7 (a) through (j).

## CAUSE OF ACTION - NEGLIGENCE

7.(sic) The United States realleges and incorporates herein by reference all of its responses to paragraphs 1-7 (supra) inclusive.

8. The United States denies that it was negligent and it denies that plaintiff sustained the alleged injuries set out at length in Paragraph 8 of the Complaint.

9. The United States denies that plaintiff has been compelled to expend large sums of money for medicine and medical attention.

10. After investigation reasonable under the circumstances, the United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, they are denied.

11. After investigation reasonable under the circumstances, the United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, they are denied.

12. After investigation reasonable under the circumstances, the United States is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, they are denied.

With respect to the allegations contained in the paragraph titled "Wherefore," the United States avers that those allegations constitute plaintiff's prayer for relief to which no answer is required. To the extent that the allegations in the "Wherefore" paragraph may be deemed to contain allegations of fact, they are denied.

## FIRST AFFIRMATIVE DEFENSE

The injuries, damages and losses alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of any employee of the United States.

## SECOND AFFIRMATIVE DEFENSE

The injuries, damages, and losses alleged in the complaint were solely and proximately caused by the actions, or failure to act, of third persons over whom the United States had no control.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of the occurrence giving rise to the instant lawsuit, and plaintiff is therefore barred from recovery.

## FOURTH AFFIRMATIVE DEFENSE

The United States did not fail to discharge any duty owed to the plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, plaintiff is prohibited from recovering any amount of punitive damages from the United States.

## SIXTH AFFIRMATIVE DEFENSE

The doctrines of comparative negligence and contributory negligence under the laws of the Commonwealth of Pennsylvania apply.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' jury demand must be denied. A court sitting without a jury tries cases brought under 28 U.S.C. § 2402 of the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, plaintiff is proscribed from recovering any amount for prejudgment damages against the United States.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2412(d)(1)(A), plaintiff cannot recover attorney's fees from the United States.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675(b), plaintiff is prohibited from claiming or recovering an amount against the United States in excess of that set forth in a claim validly presented to the United States Postal Service.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief whatsoever. The United States denies each and every allegation of the Complaint that has not been otherwise admitted, denied or qualified.

WHEREFORE, the United States prays that the complaint be dismissed with prejudice and that judgment be awarded in favor of the United States, together with costs and for such other and further relief as the Court deems appropriate in this case.

        Respectfully submitted,

        PATRICK L. MEEHAN
        United States Attorney

        _____
        JAMES G. SHEEHAN
        Assistant United States Attorney
        Chief, Civil Division

        _____
        BARBARA ROWLAND
        Assistant United States Attorney
        615 Chestnut Street, Suite 1250
        Philadelphia, PA 19106
        (215) 861-8311 Telephone
        (215) 861-8349 Facsimile

OF COUNSEL:
Kathleen M. Arndt, Esq.
United States Postal Service
St. Louis Law Office
P.O. Box 66640
St. Louis, MO 63166-6640
Telephone: (314) 872-5120
Fax: (314) 872-5192

## CERTIFICATE OF SERVICE

I certify that on the _____ day of September 2002, I caused a true and correct copy of the foregoing Answer of the United States to be served by first class United States mail, postage prepaid, upon the following:

>Milton J. Frank, Esquire
>Milton J. Frank & Associates
>1831 Chestnut Street, 3rd Floor
>Philadelphia, PA  19103

>_____
>Barbara Rowland