UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARISA FUSARO, | ) |
|        Plaintiff, | ) |
| v. | )    No. 02-CV-4698 |
| UNITED STATES OF AMERICA, | ) |
|        Defendant. | ) |

**<u>ORDER</u>**

AND NOW on this _____ day of _____, 2003, upon consideration of the United States' Motion to Strike or, Alternatively, Motion for an Extension of Time, and plaintiff's opposition thereto, if any,

IT IS ORDERED that the expert medical report of Dr. Randall N. Smith dated December 13, 2002, may not be introduced at any trial of this matter, including arbitration, for the reasons set forth in the United States' memorandum of law and incorporated herein by reference.

_____
U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARISA FUSARO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02-CV-4698 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

AND NOW on this _____ day of _____, 2003, upon consideration of the United States' Motion to Strike or, Alternatively, Motion for an Extension of Time, and plaintiff's opposition thereto, if any,

IT IS ORDERED that, for the reasons set forth in the United States' memorandum of law and incorporated herein by reference, the United States shall have an additional 30 days to conduct discovery relating to the expert medical report of Dr. Randall N. Smith dated December 13, 2002, including requiring plaintiff to undergo an independent medical examination, and the arbitration of this matter shall be re-scheduled appropriately.

_____
U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARISA FUSARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-CV-4698 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO STRIKE OR,
IN THE ALTERNATIVE, MOTION FOR AN EXTENSION OF TIME**

Defendant United States of America respectfully requests the Court to strike from plaintiff Marisa Fusaro's trial exhibits the medical expert report of Dr. Randall N. Smith produced for the first time to the United States on January 24, 2003. Plaintiff has stated that she will seek to introduce this report in the arbitration scheduled for Thursday, February 6, 2003. Despite discovery requests for such information, the United States had not previously been advised of this medical expert or of the fact that his conclusions contained in his report would be used to increase plaintiff's damage claim for medical expenses from approximately $3800 to over $16,000.

Alternatively, the United States requests the Court for a 30-day extension of time to arbitrate this matter so that the United States can (1) retain a medical expert to examine plaintiff, review her medical records, review the report of the plaintiff's expert, and prepare a report for the United States, and (2) depose plaintiff's expert after it has had a meaningful opportunity to

prepare. Plaintiff's counsel has advised the United States that it does not object to the requested extension of time.

                              Respectfully submitted,

                              PATRICK L. MEEHAN
                              United States Attorney

                              _____
                              VIRGINIA A. GIBSON
                              Assistant United States Attorney
                              Chief, Civil Division

                              _____
                              BARBARA ROWLAND
                              Assistant United States Attorney
                              615 Chestnut Street, Suite 1250
                              Philadelphia, PA 19106
                              (215) 861-8311 Telephone
                              (215) 861-8349 Facsimile

Case 2:02-cv-04698-TJS   Document 10   Filed 01/31/2003   Page 5 of 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARISA FUSARO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02-CV-4698 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
OR, IN THE ALTERNATIVE, MOTION FOR AN EXTENSION OF TIME**

Arbitration in this matter is scheduled for Thursday, February 6, 2003. Plaintiff seeks $100,000 for a broken right fifth metatarsal allegedly caused by tripping in a depression in the parking lot of the United States Post Office in Blue Bell, Pennsylvania on September 20, 2000.

On January 24, 2003, while exchanging exhibits for the arbitration, plaintiff provided the United States for the first time the medical expert report of Dr. Randall N. Smith, attached as Exhibit A. The United States seeks to strike this report from plaintiff's trial exhibits for the February 6, 2003 arbitration and any appeal because:

• the report is being produced well outside of the discovery deadlines;

• the report allegedly provides support for a greatly increased medical damages claim; and

• there is not sufficient time for defendant adequately to obtain a medical expert to evaluate and potentially rebut the report.

Discovery in this case closed on December 17, 2002 – 90 days after defendant's answer, which was filed on September 18, 2002. Dr. Smith's report was produced on January 24, 2003, even though it is dated December 13, 2002. The deadline for the exchange of arbitration trial

exhibits was ten days before the February 6, 2003 arbitration, or January 25, 2003. Thus, the report was improperly produced as a trial exhibit when it had never been produced during discovery. Information about medical providers and expert witnesses had been requested by the United States in its First Set of Interrogatories (Exhibit B), and no information about Dr. Smith was disclosed in plaintiff's interrogatory responses (Exhibit C).

    Furthermore, Dr. Smith's report increases plaintiff's damages claim almost four-fold. Plaintiff had stated in her Initial Disclosures (served November 6, 2002) that her claim for medical damages was $3847.25. Plaintiff's Initial Disclosures are attached as Exhibit D. Dr. Smith concluded in his report that plaintiff could require additional medical treatment of approximately $13,000. Dr. Smith states that she requires an MRI of the foot and ankle ($1200 each); an EMG and nerve conduction study ($1200); re-evaluation at doctor's office ($75-$100); referral to podiatrist for orthotics ($250-$300); membership in an aquatic facility ($600 per year); special shoes (several hundred dollars per year); injections (two to three times per year at $75 to $100 each); and reconstructive surgery ($6000 to $8000). See Ex. A. While the United States will contest that any and all of these amounts are unnecessary, using the higher figure of Dr. Smith's ranges, plaintiff's additional medical expenses total approximately $13,000, for a grand total of almost $17,000.

    An increase of damages of that magnitude two weeks before the arbitration is an unfair surprise to the United States and must not be permitted to be introduced as evidence. Having assessed this case of having a medical damages value of $3800 – the amount disclosed by plaintiff -- the United States did not order an independent medical examination (IME) for plaintiff and it did not retain a medical expert to review plaintiff's medical records and prepare an expert report. The United States made a reasonable decision in light of all the information plaintiff

produced during discovery. Dr. Smith's proposed additional medical expenses changes the potential damages amount so greatly that had the United States known the plaintiff would seek medical damages of almost $17,000, the United States would have retained a medical expert. The United States should not be prejudiced at trial because of plaintiff's belated disclosure of a medical report that it had in its possession for over a month and that clearly was prepared to grossly increase plaintiff's medical damages claim.

Alternatively, the United States requests the Court for a 30-day extension of time to arbitrate this matter so that the United States can (1) retain a medical expert to examine plaintiff, review her medical records, review the report of the plaintiff's expert, and prepare a report for the United States, and (2) depose plaintiff's expert after it has had a meaningful opportunity to prepare. Plaintiff's counsel has advised the United States that it does not object to the requested extension of time.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____
VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division


_____
BARBARA ROWLAND
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8311 Telephone
(215) 861-8349 Facsimile

**CERTIFICATE OF SERVICE**

    I certify that on the _____ day of January 2003, I caused a true and correct copy of the foregoing Motion to Strike or, in the Alternative, Motion for an Extension of Time and supporting memorandum to be served by first class United States mail, postage prepaid, upon the following:

        Brett Tessler, Esquire
        Milton J. Frank & Associates
        1831 Chestnut Street, 3rd Floor
        Philadelphia, PA  19103


        _____
        Barbara Rowland